WILLIAM H. HAWLEY, PLAINTIFF IN ERROR, V. THOMAS ROBESON, DEFENDANT IN ERROR.

1. Practice in Supreme Court: BILL OF EXCEPTIONS. Upon a hearing in this court in a case originating before a justice of the peace, and taken to the district court by petition in error, an objection as to the sufficiency of the bill of exceptions taken before the justice, not made in the district court, but raised for the first time in this court, will not be considered.

2. Forcible Entry and Detention: NOTICE TO QUIT. The statutory notice to leave the premises required to be given in an action of forcible entry [detention] against a tenant holding over his term, may be served as well before as after the expiration of the term. *Leutzey v. Herchelrode*, 20 Ohio State, 334.

3. Evidence. Where a paper is shown to have been destroyed, it is not necessary to prove that it has been searched for as a foundation for the introduction of parol testimony of its contents.

ERROR to the district court for Dodge county. Tried below before GEORGE W. POST, J.

*C. Hollenbeck* and *J. E. Frick*, for plaintiff in error.

Demand must be made after expiration of lease, and while the tenant holds unlawfully. *Prickett v. Riller*, 16 Ill., 96. *Doran v. Gillespe*, 54 Ill., 366. *Clasp v. Paine*, 18 Maine, 264. *Smith v. Rowe*, 31 Maine, 212. The parol evidence of contents of notice to quit was inadmissible. 1 Greenleaf, § 558.

*William Marshall*, for defendant in error, cited: Maxwell's Justice, 249. Swan's Justice, 249. *Leutzey v. Herchelrode*, 20 Ohio State, 334. Cases cited by plaintiff are inapplicable, being rendered under statutes different from ours. *Secor v. Pertana*, 49 Ill., 525. *Preble v. Hay*, 32 Maine, 456.

COBB, J.

This is an action of unlawful detention tried before a justice of the peace of Dodge county. Judgment was rendered for the plaintiff. The cause was thereupon taken to the district court on error, where the judgment of the justice was affirmed, and the defendant brings the cause to this court on error.

The plaintiff (defendant in error) moved in this court to strike the bill of exceptions from the files, and assigned sundry grounds for such motion. I do not think that it would be conducive to a correct practice to examine these grounds on their merits. It does not appear that any exception was taken to the bill of exceptions in the district court. The case is brought here for a review of the rulings and judgment of the district court, in which it is alleged there is error. While it is unnecessary to say here— and it is not said that this court will in no case consider objections or points not raised in the court immediately below —yet it may be safely said that no technical point, or one involving mere matter of form, will be considered by this court when raised here for the first time. The objections to the bill of exceptions that it was not *sealed* by the justice, that it was not entered at large upon the docket of the justice, and that the justice did not certify to its correctness, are entirely technical, and, not having been raised in the district court, cannot be heard here.

It appears from the record that the defendant in error by parol lease let to the plaintiff in error a house and lot for the term of one year, commencing on the 12th day of April, 1880, and ending the 12th day of April, 1881. On the 4th day of April, 1881, defendant in error served on the plaintiff in error the usual statutory notice to quit, and on the 14th day of the same month commenced the action.

This presents the question whether the notice provided

for in section 1022 of the code may be served on a tenant before the end of his term, and while his lease is in full force, and rents paid and all conditions fulfilled. The statute, sec. 1022, p. 648, Comp. Stat., requires as a necessary condition precedent to the commencement of an action for the forcible entry and detention of property, or for its forcible detention only, that the party desiring to commence such action "notify the adverse party to leave the premises * * * which notice shall be served at least three days before the commencement of the action." This provision of our statute with many others was adopted from the statutes of Ohio. The supreme court of that state has passed upon the point precisely as raised and presented here, and upon quite similar reasoning of counsel. That court, in the case of *Leutzey v. Herchelrode*, 20 Ohio S., 334, cited by both parties in this case, held that the notice served May 31—the lease under which the defendant held not expiring until June 30—was sufficient. We see no sufficient reason why we should not follow that case as well to its conclusion as in the brevity of its statements.

The second point raised by the brief of the plaintiff in error is, that the court erred in permitting plaintiff below to show by parol the contents of the written notice to quit by defendant in error, on plaintiff in error. It appears by the bill of exceptions that the first witness introduced upon the trial was the defendant (plaintiff in error) who was sworn on the part of the plaintiff, and testified as follows: "I am defendant in this action. The plaintiff served a notice upon me; the notice was in writing. I have not the notice with me; I tore it up. My recollection is that when plaintiff served the notice on me, I told him 'Tommy,' meaning plaintiff, 'this don't amount to anything,' and I tore it up and threw the pieces on the floor before this suit was commenced." Thereupon the plaintiff was sworn and testified as follows: "I am the plaintiff. I served notice on the defendant. I have not the original

notice or copy of it." Plaintiff's counsel then asked; "What did that notice contain?" The defendant objected, among other things, that no proper foundation had been laid, etc., but the objection was overruled by the justice, and the witness answered: "The notice was in writing and signed by me. It described the premises the same as in the complaint. The notice was the ordinary three days notice. It said he was to quit on or before the 12th day of April." On his cross-examination witness answered: "I gave him the usual notice to quit. Judge Ghost wrote it out of the statute; it was in the usual form. It was the usual three days notice."

From the above it is evident that instead of serving the notice by copy, the plaintiff delivered the original to the defendant, who immediately destroyed it, so that at the time of the trial, neither the original notice nor any copy of it was in existence. Hence there was no reason for requiring the plaintiff to testify as to an exhaustive search for the original paper before allowing him to testify as to its contents. True, the notice was never served as required by law, but the defendant having received, read, and destroyed it, was chargeable with a knowledge of its contents the same as though it had been properly served.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.