Douglass v. Parker.

---

## JOHN C. DOUGLASS v. CHARLES PARKER.

1. CASE-MADE — *Presumption.* Where a case for the supreme court is made and served upon the defendant within proper time, and is settled and signed by the judge of the district court, and properly attested and filed by the clerk, it will be presumed, in the absence of anything to the contrary, that the case was settled in accordance with the requirements of the law.

2. LEASE — *Termination; Premature Notice.* Where a lessor, for the purpose of terminating a three-years lease, gives his tenant the requisite notice under § 7 of the landlord-and-tenant act, *held*, that the lease will not be terminated within less than ten days after the notice is given. *And further held*, That if within nine days after the giving of such notice a second notice were given under § 161 of the justices code, for the purpose of laying the foundation for the commencement of an action

38—32 KAS.

of forcible detainer, the second notice would be given prematurely and would therefore be void.

3. LEASE—*Notice*—*Forcible Detainer; Evidence.* Where an action of forcible detainer is commenced in January, 1884, and on the trial in May, 1884, it is shown that the defendant on December 19, 1883, was the tenant of the plaintiff under a three-years lease which by its terms would not expire until August 1, 1884, and it is further shown that on December 19, 1883, the plaintiff, for the purpose of terminating the lease, gave to the defendant the requisite notice under §7 of the landlord-and-tenant act, and also on December 28, 1883, for the purpose of laying the foundation for the commencement of the action of forcible detainer, gave to the defendant the requisite notice under §161 of the justices code, *held*, that proof that the defendant, prior to December 19, 1883, claimed that he never was the tenant of the plaintiff, but that he himself owned the land in controversy, and refused to pay rent for that reason, will not of itself and alone prove that the tenancy was terminated prior to December 28, 1883.

*Error from Leavenworth District Court.*

FORCIBLE detainer, brought by *Douglass* against *Parker*, for the possession of lot 6, in block 9, in the city of Leavenworth. May 3, 1884, judgment for defendant. The plaintiff brings the case here. The opinion states the facts.

*H. B. Thomas*, for plaintiff in error.

*Lucien Baker*, and *W. C. Hook*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This case was tried in the district court of Leavenworth county, before the court and a jury, on May 1, 1884. After the plaintiff had introduced his evidence and rested, the defendant demurred to the evidence, upon the ground that the evidence does not prove any cause of action in favor of the plaintiff and against the defendant; and the court sustained the demurrer. The plaintiff then filed a motion for a new trial, upon various grounds, which motion was heard on May 3, 1884, and was overruled by the court, and the court gave to the plaintiff thirty days within which to make a case for the supreme court and to serve the same upon the defendant. Afterward the case was made; and it was served upon coun-

sel for defendant on May 30, 1884. Afterward, and on July 5, 1884, the case was settled and-signed by the judge of the district court and properly attested by the clerk, and was filed in the clerk's office on the same day. The defendant now moves to dismiss this case from this court, for the reason that the "case-made" was not settled by the judge of the district court as required by law. Now as the case was in fact made and served upon the defendant within the proper time, and was in fact settled and signed by the judge of the district court and properly attested and filed by the clerk, it will be presumed, in the absence of anything to the contrary, that it was settled in accordance with the requirements of the law.

This brings us to the merits of the case. The action was one of forcible detainer, commenced January 7, 1884, by the plaintiff, John C. Douglass, against the defendant, Charles Parker, before a justice of the peace, and appealed to the district court, where the same was tried at the time and with the result as aforesaid. It appears from the pleadings and evidence that the plaintiff claimed the property in controversy, and that the defendant was formerly his tenant, but on December 19, 1883, the plaintiff gave a written notice to the defendant for the purpose of terminating the tenancy, on the ground that the defendant had neglected and refused to pay the rent due on the premises; and on December 28, 1883, the plaintiff gave another written notice to the defendant, requiring the defendant "to leave, quit and surrender" the premises. The defendant's answer, which was also a part of the plaintiff's evidence, alleged that the plaintiff had no interest in the property in controversy, but that such property belonged to the defendant, and that he held and owned the same under a tax deed, and had been in the quiet and peaceable possession of the same for over seven years, under such tax deed, and never as the tenant of the plaintiff, or of anyone else; and that he had built valuable improvements thereon. The plaintiff also attempted to show that the defendant, several days prior to December 19, 1883, refused to pay rent, on the

ground that the property belonged to the defendant, and that he was not the tenant of the plaintiff; but the defendant objected to the evidence, and the objection was sustained, and the plaintiff was not allowed to introduce any such evidence.

The questions now presented in this court are, whether the district court erred in refusing to permit this evidence to be introduced, and in sustaining the demurrer to the evidence that was introduced. The first notice given by the plaintiff to the defendant was given under § 7 of the landlord-and-tenant act, (Comp. Laws of 1879, ch. 55, § 7,) and was for the purpose of terminating the lease. The second notice was given under § 161 of the justices code, (Comp. Laws of 1879, ch. 81, § 161,) and was for the purpose of laying the foundation for the commencement of an action of forcible detainer. The lease alleged and proved by the plaintiff was a lease for the term of three years, commencing August 1, 1881, and terminating August 1, 1884, and if the defendant was in fact the tenant of the plaintiff, as claimed by the plaintiff, on December 19, 1883, when the first notice was given, then the second notice, which was given on December 28, 1883, was given prematurely and was therefore void, for the reason that § 7 of the landlord-and-tenant act requires a ten-days notice to terminate such a lease; and the second notice was given only nine days after the first notice was given, and while the lease was still in full force and operation. If the lease was in full force when the first notice was given, the defendant had ten full days thereafter within which to pay the rent and to keep the lease in full force. Therefore if nothing further in the case than the foregoing lease, the failure to pay rent, and these two notices, were shown, the decision and judgment of the district court would undoubtedly be correct. But the plaintiff claims that the defendant had, several days prior to December 19, 1883, repudiated the tenancy and claimed to hold the property adversely to the plaintiff, and therefore that the notice given to the defendant on December 19, 1883, to terminate the tenancy, was wholly unnecessary, and being wholly unnecessary and answering no purpose, the notice given

to the defendant on December 28, 1883, to quit the premises, and for the purpose of laying the foundation for an action of forcible detainer, was good. And this is really the only question remaining in the case to be decided. We are inclined to think that the decision of the court below was correct. Upon the defendant's theory of the case—that is, that he owned the property in controversy and was never the tenant of the plaintiff—it was unquestionably correct.

But we are inclined to think that it was also correct upon the plaintiff's own theory. Whether the plaintiff owned the property in controversy, or not, was not shown by the evidence, but it was shown that the defendant was his tenant, and that the tenancy under the terms of the lease would not expire until August 1, 1884; and it was not within the power of the defendant, under the lease or otherwise, of his own volition, to terminate the lease at any earlier period of time. The defendant could not, by claiming to own the property in controversy, and to hold it adversely to the plaintiff, and by refusing to pay rent for that reason, terminate the lease without the consent of the plaintiff, and the plaintiff never consented that it should be so terminated. According to the evidence and the plaintiff's own theory and claim, the lease was not in fact terminated, but was in full force and operation up to December 19, 1883, when the plaintiff gave his first notice for the purpose of terminating the lease under § 7 of the landlord-and-tenant act. Under that section the lease could not be terminated within less than ten days after the time of giving the notice. The lease was therefore not in fact terminated until December 29, 1883. There was never any mutual understanding or agreement or consent between the plaintiff and the defendant that the lease should be terminated at any earlier period of time than August 1, 1884. Therefore, in whatever way we may view this case or this question, we would think that the decision of the court below was and is correct; and therefore its judgment will be affirmed.

All the Justices concurring.