WILLIAM J. CONNELL, PLAINTIFF IN ERROR, V. WIL-
LIAM G. CHAMBERS, DEFENDANT IN ERROR.

Landlord and Tenant: NOTICE TO QUIT. In an action of un-
lawful detainer, by a landlord against a tenant, for holding over
demised premises after the termination of his lease, a notice to
quit, dated and served on the tenant thirteen days or more be-
fore the termination of the lease, and while it was in full force
and effect, by the terms of which notice the tenant was required
to quit, surrender, and deliver up the possession of the premises
forthwith; *Held*, Insufficient.

ERROR to the district court for Douglas county. Tried
below before WAKELEY, J.

*C. A. Baldwin* and *William J. Connell,* for plaintiff in
error.

The date fixed in the notice must correspond with the
termination of the lease. Wade on Notice, Secs. 583–610.
*Waters v. Young,* 11 Rhode Island, 1. *Steward v. Hard-
ing,* 2 Gray, 335. *Boynton v. Bodwell,* 113 Mass., 531.

*James W. Savage,* for defendant in error, cited: *Hawley
v. Robeson,* 14 Neb., 435.

COBB, J.

This action was commenced before the county judge of
Douglas county, where the defendant in error, plaintiff
there, obtained a judgment. Thereupon it was taken to
the district court on error. The judgment of the county
judge being reversed for error in the proceedings, the cause
was retained for trial in the district court under the pro-
visions of section 601 of the civil code. The cause was
placed upon the docket among the issues of fact for trial
at the September term, 1886, and assigned for trial to
the 27th day of September. On that day the cause was

duly reached, and called for trial in its regular order by the court, and upon oral objection being made by the defendant in error to the trial of said cause, at such time, a demand was made both orally and in writing by the plaintiff in error for a trial of the cause, which demand was overruled. Said cause was passed, and other causes assigned for subsequent dates were taken up and tried. Thereafter, on the 14th day of October following, the said court made an order requiring the plaintiff in error to show cause why said action should not be set down for trial, and tried on the 18th day of said month. Cause was shown pursuant to such order, which was overruled by the court, and the cause set down for trial, and tried accordingly. These rulings of the court are assigned as error.

Upon the trial of this cause to a jury the defendant in error introduced in evidence a lease of certain premises in the city of Omaha, executed by Caroline J. Chambers to Fritz Riepen, bearing date the 18th day of April, 1879, whereby she leased said premises to the said Fritz Riepen for the term of five years, from the 1st day of May, 1879, to the 1st day of May, 1884. Also a deed of assignment of the said lease, executed by the said Fritz Riepen to James H. Smith as collateral security for the payment of eight hundred dollars, etc., and a deed of assignment of the said lease by James H. Smith to the plaintiff in error, W. J. Connell. There was also evidence tending to prove that plaintiff in error, W. J. Connell, entered into possession under said lease, and, through his tenants and sublessees, was in possession of said lot at the date of the commencement of the action.

The defendant in error also offered in evidence a notice, of which the following is a copy:

"NOTICE.

"To ......... and all others whom it may concern:

"You are hereby notified forthwith to leave the premises now occupied by you, and described as follows, to-wit:

Lot one (1) in block one hundred and one (101), with the appurtenances thereon, in the city of Omaha, county of Douglas, and state of Nebraska, and deliver the possession of the same to the undersigned. Dated, Omaha, Nebraska, April 17th, 1884.

"Signed,                    W. G. CHAMBERS."

There was evidence that this notice was served on the plaintiff in error, W. J. Connell, on the 10th (?) day of April, 1884. There was also parol evidence that at the expiration of the term according to the above lease the defendant in error had become the owner of the said premises. The above notice was admitted in evidence over the objection of the defendant (plaintiff in error).

The court instructed the jury that if they believed the testimony given upon the trial to be true, it would be their duty to find for the plaintiff (defendant in error), and against the defendant (plaintiff in error).

There was a verdict and judgment for the defendant in error.

The defendant below, W. J. Connell, brings the cause to this court on error and assigns the following errors, to-wit:

"1. The court erred in sustaining the motion and request of the plaintiff for a postponement of the trial until a future day of the term from the day on which the case was set down by the court for trial, and for that purpose placed upon the list of causes assigned for trial on a day certain, the defendant objecting to such postponement and demanding a trial on the day fixed by the court.

"2. The court having ordered the defendant to show cause why said cause should not be proceeded with and tried without further delay, the court erred in holding that the cause shown by the defendant was insufficient, and ordering that the trial of the cause should proceed on Monday, October, 18th, 1886.

" 3. The court erred in compelling the defendants to proceed with the trial of the cause on Monday, October 18th, 1886, against their objections and cause shown.

" 4. The court erred in permitting certain papers purporting to be notices in the case, to go to the jury as evidence against the objections and exceptions of the defendant.

" 5. The court erred in permitting the plaintiff under the complaint to give evidence to the jury of any failure on the part of the defendant to pay rent.

" 6. The court erred in the instruction given to the jury. The court should have instructed the jury that in no event could they find the defendant guilty under the evidence. The verdict is contrary to the law and the evidence in the case.

" 7. The verdict should have been, under the evidence and the law, not guilty."

The first, second, and third errors assigned relate to the action of the district court in passing the cause when it was regularly reached for trial, and setting it down for trial on a subsequent day of the term, instead of trying it on the day of its assignment, or continuing it for the term, or placing it at the foot of the docket, as is required by the letter of the statute. Code, sec. 329.

We are all of the opinion that this provision of the statute is directory only, and that it was not the intention of the legislature to deprive the court in the exercise of its discretion to pass a cause when reached for trial, or to set the same down for trial on a future day of the term. Such seems to have been the universal construction placed upon the statute and the practice under it, during the many years that it remained upon the statute book, and even were it susceptible of a more rigid construction, now that it has been modified by the legislature it would be deemed unprofitable to disturb it.

The fourth error assigned relates to the notice. Section

1022 of the code provides that: "It shall be the duty of the party desiring to commence an action under this chapter, to notify the adverse party to leave the premises, for the possession of which the action is about to be brought, which notice shall be served at least three days before commencing the action, by leaving a written copy with the defendant, or at his usual place of abode, if he cannot be found."

As we have already seen, the plaintiff in error held the premises in question by virtue of a written lease, executed to run five years from a day certain. Having gone into possession under the said lease, his holding of the premises must be held to have been under it, and not otherwise, during the whole time that said lease had to run; at the expiration of which time his possession became unlawful unless the landlord chose to treat him as a tenant at will.

Nearly or quite all the cases cited by counsel in the briefs, or to which the attention of the court was called at the argument, are where the tenancy was one at will or by sufferance, or had become such by the act or acquiescence of the landlord. Not one of them presents a case like the one at bar, where the landlord seeks to dispossess the tenant promptly at the termination of a term created by a written lease. They therefore shed no direct light upon the point which must be met here, which is as to the sufficiency of the notice above set out, as a condition precedent to the maintaining of a summary action of unlawful detention under the section of the statute above copied.

The case of *Benfey v. Congdon*, 40 Mich., 283, was much like the case at bar. In deciding that case, Judge Cooley says: "It is claimed by Benbey that when the year was up and he still remained in possession, he was entitled to the statutory notice, as a tenant at will or at sufferance. Comp. L., 4304. No doubt he would have been entitled to it as a tenant at will had he held over by the express or implied consent of Congdon, but not otherwise." Upon

referring to section 4,304, Comp. L. of Michigan, it is seen that the notice referred to by Judge Cooley as "statutory" is the three months notice provided for in said section, upon which "all estates at will or by sufferance may be determined by either party." Upon referring to Chap. 211, Comp. L. of Michigan, which is analagous to our forcible entry and detention act, I find that no notice is required by any of its provisions.

In considering the object and purposes, then, of the notice required by the provisions of our statute, we cannot consider it to be to determine or terminate the estate or right of possession of the tenant, for that purpose is amply provided for by the terms of his lease. And yet the statute requires notice to be given him as a condition precedent to the commencement of summary proceedings against him, such as the case which we are now reviewing. As to the date of such notice or the time of service, whether before or after the expiration of the term, that question was fully passed upon by this court in the case of *Hawley v. Robeson*, 14 Neb., 435. Following the case of *Leutzey v. Herchelrode*, 20 O. S., 334, we held that the notice might be served on the tenant before the end of his term, and while his lease was in full force. But no question as to the contents of the notice arose in that case.

In the case at bar the notice was dated the 17th day of April, and while the testimony is that it was served on the 10th day of that month, an impossible date, we must presume that it was served on the day of its date. It demanded the delivery of the possession of the premises "forthwith." No cause or ground is stated in the notice for the demand of possession. Had the demand been for the delivery of the possession on or after the day of the expiration of the term, it might be presumed that it was based upon the expiration of the lease, or the term created thereby, but no such presumption can attach to a demand of possession forthwith made thirteen days before such ex-

piration.   While the statute is silent as to the contents of the notice, I think it should be such as to apprise the tenant, at least in a general way, of the grounds of the claim of the landlord to the possession demanded, and especially when the ground or purpose of such demand may not be indicated by the time when such possession is to be delivered by the terms of the demand.

Although, as we have seen, there was no tenancy at will or by sufferance existing between the parties, either at the time of the service of the notice or of the commencement of the action, and consequently no necessity for the service of a notice to terminate such tenancy, yet there is an analogy between a notice for that purpose and the notice required by statute in cases of unlawful detention, and we may derive some light from the cases where notices for the former purpose have been considered.

In the case of *Seward v. Harding*, 2 Gray, 335, the notice was in the following words: " Plymouth, August 16, 1853.   To Caleb Harding.   You are hereby notified to quit the premises by you now occupied and belonging to me, situated on Sumner street, Plymouth.   This notice is given for the purpose of terminating your tenancy of the premises."   The trial court held the notice insufficient and ordered a nonsuit.   On appeal, C. J. Shaw, in the opinion, said: "This court concurs with the judge of the court of common pleas in holding that the notice to quit was insufficient.   The notice not only fixes no day on which the tenant was to quit, but none was indicated by general terms or by reference to the end of the next ensuing quarter."

The case of *Currier v. Barker* is reported in the same volume at p. 224.   The form of the notice in that was as follows : " Date.   To John I. Barker.   You being in possession of a long wooden building, called a bowling alley, situated and being near the Neck Tavern, so called, in the city of Charleston aforesaid, are hereby notified to quit and deliver up to us the premises aforesaid.   Hereof fail

Connell v. Chambers.

not, or we shall take a due course of law to eject you from the same. Signed, Currier & Dalton." This notice was held sufficient by the trial court, but the chief justice, in sustaining the defendant's exceptions, for the court, said : "We are of the opinion that the notice is bad and insufficient. * * * That it fixes no time, expressly or by any description, for the tenant to quit. The notice in terms was to quit and deliver up the premises, fixing no time by naming a day or otherwise, and therefore operated as a demand to quit and deliver up the same forthwith, and is not distinguishable from the cases heretofore decided."

The other cases cited by counsel for plaintiff in error, as well as the citation from Taylor, are to the same effect.

In order to give any effect to the statute requiring notice to be given before the commencement of summary proceedings against a tenant holding over after the termination of his lease, we must hold that such notice must, either in direct terms, or by clear and unmistakable implication, point out a day upon which the tenant is required to quit, which day must be at or after the termination of the lease.

It therefore necessarily follows that the district court erred in admitting the notice in evidence to the jury and in the instruction given.

The judgment of the district court is reversed, and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.