Shauck, J.
The provision of the statute, section 6601, is that a judgment under chapter 9, title 3, “ shall not be a bar to any after action brought by either party.” But to the bringing of such “ after action ” the provisions of section 6602 apply as to an original action, and a party desiring to bring such action must give the notice which the section provides.
It is settled in Leutzer v. Herchelrode, 20 Ohio St. 334, that during the term for which the tenant rightfully holds there may be given the notice mentioned in section 6602 to quit on or before the day named in the notice, that day being at least three days after the service of the notice, and at or after the expiration of the term,. The day designated in the notice in this case occurred while the tenant was entitled to continue, in possession under the terms of the lease. It was, therefore, a notice with which it was not his duty to comply. In the legal view it was no notice.
The statute of Nebraska is identical with ours upon this subject, and in construing it the Supreme Court of that state in *170 Connell v. Chambers, 22 Neb. 302, say : “ In order to give effect to the statute * * * we must hold that the notice must, either in direct terms, or by clear and unmistakable implication, point out a day upon which the tenant is required to quit, which day must be at or after the termination of the lease.”
Samuel L. Black, for plaintiff in error.

Walter B. Page, contra.

Judgment reversed.