GEORGE GRAVES v. NORFOLK NATIONAL BANK.

FILED SEPTEMBER 18, 1895. No. 5941.

Review: TRIAL: OBJECTIONS NOT RAISED BELOW. Where the answer in the district court was a general denial of the averments of the petition, the defendant, having urged in that court but one ground for the avoidance of the effect of his alleged indorsement of a promissory note, will not be permitted, for the first time by brief in this court, to urge that he should be held not liable on a radically different ground.

ERROR from the district court of Antelope county. Tried below before HARRISON, J.

J. F. Boyd and Allen, Robinson & Reed, for plaintiff in error.

Powers & Hays, contra.

RYAN, C.

This action was brought by the Norfolk National Bank in the district court of Antelope county, and a judgment was rendered in its favor as prayed. The plaintiff alleged as its cause of action that on or about August 30, 1887, C. F. Ellison made and delivered to the defendants George Graves and John M. Leeper, under and by the name of Graves & Leeper, his promissory note for the sum of $400, drawing ten per cent per annum, due August 31, 1888; that before the maturity thereof the payees indorsed their names on said promissory note; that said George Graves and John M. Leeper were liable on said note as indorsers; that it was, at the time the suit was brought, wholly unpaid, and had been duly protested and notice of non-payment had been duly given each indorser. By an amendment to the petition it was averred that Graves & Leeper had no partnership property at the time

the amendment was made, and had had none since plaintiff
had become the owner of the note with respect to which it
was alleged that they were liable as indorsers. The answer
was a general denial and was made by George Graves
alone. The trial was to a jury. The evidence showed that
on June 1, 1885, George Graves and John M. Leeper en-
tered into a copartnership relation for the purpose of deal-
ing in live stock, and particularly in horses; that notice of
this partnership was filed with the county clerk of Ante-
lope county, in which notice it was stated that the object
of the partnership was as above described, and that the firm
name and style was Graves & Leeper; that on February
4, 1888, a notice of the dissolution of this partnership
firm, signed by both parties, was inserted in a newspaper
published at Oakdale, in Antelope county. It was also
shown that the note sued upon was given for horses sold
by the above named firm; that while there was published
the above notice of dissolution no knowledge of a dissolu-
tion of this firm was possessed by the bank at the time it
purchased the above described note; that the bank before
it purchased this note had purchased a like note from
Graves & Leeper, and, as collateral to the note purchased,
had taken assignments of about $3,300 in notes, or thirty-
three notes aggregating that amount, the president of the
bank could not say which, and that nearly all of these were
payable to Graves & Leeper, and, with the assent of both
these gentlemen, were indorsed in like manner as was the note
in respect to which they were herein sought to be held as in-
dorsers. The contention on the trial, as disclosed by the
bill of exceptions, was as to the propositions last above in-
dicated, that is, whether it was so customary to indorse to
plaintiff notes made to Graves & Leeper in the same man-
ner as was made the indorsement upon which this suit was
brought, that plaintiff was justifiable in purchasing this
note as he did and accepting the indorsement of the de-
fendant Graves, appearing thereon when presented, as hav-

ing been duly authorized. When the note and the evidence of protest accompanying it were offered in evidence, the bill of exceptions recites that there was no objection made to either. The objections to the admission and rejection of testimony were of a character which shows clearly upon what line the defense was made, as the following example will serve to illustrate: Mr. Rainbolt, president of the bank, was asked if the note had been indorsed when presented to him for discount, and how it was indorsed. Mr. Graves was not permitted to testify whether or not he had ever authorized any one to make the particular indorsement upon which he had been sued, and that the firm of Graves & Leeper or the witness himself had never received any benefit from the sale of said note. It is possible that under certain conditions of the proofs the proposed testimony of Mr. Graves might have been proper, but it was not when offered, for there was no attempt to prove that Graves had specially authorized Leeper to indorse his name, and whether the proceeds were properly applied was not a matter with which the bank was chargeable, provided the discount upon the faith of the indorsement of Graves was justified by the facts.

There was one instruction given by the court which defined the issues presented by the pleadings. With this exception all instructions were addressed to rules applicable to the consideration of the above indicated questions of fact, which, as has already been said, had been the grounds of contention throughout the trial. On behalf of the defendant Graves no instructions whatever were requested. The instructions given were in no respect faulty; if other instructions were necessary they should have been asked. There was no intimation, however, that there would be a question made as to the form of the indorsement, so far as we can discover, until that point was presented in the brief filed on behalf of Graves, the plaintiff in error, in this court. The principal argument made in this brief is that

the note was made to the partnership firm as such and that the indorsements thereon purport to be of individuals alone, and that, therefore, these indorsements not being those of a payee or indorsee, the individuals whose names are indorsed are not liable as indorsers, for only the firm could be so held. It is hardly fair to the district court to raise such a question for the first time in this court. In *Hawley v. Robeson*, 14 Neb., 435, there were under consideration alleged errors of the district court in respect to an error proceeding brought thither from a justice of the peace, and COBB, J., delivering the opinion of this court, said: "It does not appear that any exception was taken to the bill of exceptions in the district court. The case is brought here for a review of the rulings and judgment of the district court, in which it is alleged there is error. While it is unnecessary to say here—and it is not said that this court will in no case consider objections or points not raised in the court immediately below—yet it may be safely said that no technical point, or one involving mere matter of form, will be considered by this court when raised here for the first time." The point now insisted upon is so far technical in its nature that it should have been insisted upon to some extent in the district court to entitle it to be considered in this court.

The jury found upon questions of fact in favor of the defendant in error, and as thereby was settled all matters really contested, the judgment of the district court is

AFFIRMED.

HARRISON, J., not sitting.