No. 21,108.

J. E. NORRIS, *Appellant*, v. G. W. McKEE, *Appellee*.

SYLLABUS BY THE COURT.

1. LEASE OF HOTEL—*One-year Period—Nonpayment of Rent—Termination of Lease—Notice.* Under the statute, to terminate a lease of property for a period of one year on account of the nonpayment of rent, a ten-days notice in writing to quit must be given to the tenant, and such a notice will not terminate the tenancy if the rent is paid before the expiration of the ten days.

2. SAME — *Covenant Not to Underlet — Oral Consent of Landlord — Waiver.* Where a hotel is leased with the condition that the premises shall not be underlet without the written consent of the landlord, and the tenant temporarily rents a room of the hotel to a printer in which to set up a small printing outfit, without obtaining such written consent, and before it is done the landlord informs the printer that he has no objection to the use of the room for that purpose, he thereby waives the right to terminate the lease because of the underletting of the room, if that be a ground of forfeiture.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed December 8, 1917. Affirmed.

*O. H. Bentley,* and *J. C. Bentley,* both of Wichita, for the appellant.

*Dempster O. Potts,* of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The forfeiture of a lease of a hotel is involved in this appeal. The hotel was leased by plaintiff to defendant for one year, the rent payable monthly in advance, and in the lease was a stipulation that the defendant would

"not use or occupy said premises in any business deemed extra hazardous on account of fire or otherwise, nor let or underlet the same, except with the consent of the said landlord in writing, under penalty of forfeiture and damages." During his tenancy the defendant temporarily let a room of the hotel to Day and Torrey who placed in it a small printing outfit. Written consent of the plaintiff for the letting of the room was not obtained from the plaintiff, but it appears that he consulted with Day and Torrey before they occupied the room, and he told them that while the defendant had not mentioned the matter to him he had no objections to their occupancy of the room. Sometime afterwards, and on June 19, 1915, a monthly payment of rent was overdue, and the plaintiff served a notice upon defendant to quit the premises within three days "for nonpayment of rent; for breach of lease and as I desire to terminate the tenancy, which was due on the 17th day of June, 1915," etc. The case was tried without a jury, and the court gave judgment for defendant.

There is no claim that the use of the room by the printers, Day and Torrey, was extrahazardous, or more hazardous than the occupancy of the rooms by other persons to whom rooms were assigned. The parties must have contemplated that the defendant would let rooms when he had an opportunity. It is a fact that guests frequently transact some business in the rooms of a hotel to which they have been assigned. If it be assumed that the temporary letting of the rooms to Day and Torrey was not strictly within the line of hotel business, it can hardly be regarded as within the restriction against subletting. That appears to be a restriction on the leasing of the premises—the hotel—rather than the temporary letting of a room in the hotel wherein an unusual use may be made of such room.

If it be granted that the letting of the room was within the restriction, a question still remains whether the letting should be regarded as a forfeiture of the lease. It appears that a rental of $10 became due on June 17, 1915, which was not paid, and two days later the plaintiff served a three days' notice to quit the premises. The controlling statute provides that "if a tenant for a period of three months or longer neglect or refuse to pay the rent when due, ten days' notice in writing to quit

shall determine the lease, unless such rent be paid before the expiration of said ten days." (Gen. Stat. 1915, § 5962.) The tenancy being for more than three months (a year), a ten-days notice was necessary to terminate the lease, and such a notice even would not terminate the tenancy if the rent be paid before the expiration of the ten days. (*Douglass v. Parker*, 32 Kan. 593, 5 Pac. 178.) The three-days notice given was insufficient for the purpose. Besides, it appears that within the three-days period the defendant tendered plaintiff $10, the full amount of the rent that was due.

In his notice plaintiff adds to the ground of nonpayment the words "for breach of lease." This clause may be regarded as incidental to and a part of the ground of nonpayment of rent, as the latter constitutes a breach of the lease. If plaintiff meant that the breach was something else than nonpayment of rent he should have stated what act or omission constituted the breach. The subletting of the room had occurred some time before, but, as has been observed, his notice does not specify that as a ground for forfeiture. It may be doubted whether even a definite statement in the notice of that ground would of itself have effected a forfeiture. The lease stipulated that the misuse of the premises or the underletting of them should be "under penalty of forfeiture and damages." As both forfeiture and damages are coupled in the penalty, and as damages can only be recovered in an appropriate action, it may well be doubted whether the subletting *ipso facto* terminated the lease.

However that may be, the plaintiff, as we have seen, practically consented to the use of the room by Day and Torrey and has waived the right to terminate the lease upon that ground. It would be an injustice to permit plaintiff to encourage Day and Torrey to occupy the room and then make it a ground of forfeiture. The law does not favor forfeitures, and their effect is limited by a strict construction.

The judgment of the district court is affirmed.