No. 22,031.

### S. R. HEADRICK, *Appellant*, v. PHIL J. PRICE, *Appellee.*

SYLLABUS BY THE COURT.

FORCIBLE ENTRY AND DETAINER—*Time for Service of Notice to Quit.* Under the statute requiring that at least three days before the commencement of an action for forcible entry and detainer a notice to leave the premises shall be served, such a notice is not rendered ineffectual by the fact that it is served before the occupant's tenancy has expired, if it names a time for the vacation of the premises such as to allow him a three days' occupancy after the expiration of his lease.

Appeal from Jewell district court; RICHARD M. PICKLER, judge. Opinion filed November 9, 1918. Reversed.

*R. W. Turner,* and *D. F. Stanley,* both of Mankato, for the appellant.

*W. R. Mitchell,* of Mankato, for the appellee.

The opinion of the court was delivered by

MASON, J.: S. R. Headrick, the owner of a tract of farm land, leased it to Phil J. Price from November 1, 1916, to March 1, 1918. Price held over after the expiration of his term, and on March 5 Headrick brought a proceeding against him under the forcible entry and detainer statute. An appeal was taken from the judgment of the justice of the peace, and in the district court a demurrer to the complaint was sustained on the ground that the notice to quit was insufficient because of the time at which it was served. The plaintiff appeals.

The notice was served on February 27, and read as follows:

"NOTICE TO QUIT:

"*Mr. Phil J. Price:* You are hereby notified to quit the following described premises, to wit, The southeast quarter of section thirteen (13) Township one (1) south, Range eight (8) west of the sixth principal meridian Jewell County Kansas held by you as my tenant thereof from November first 1916 to March first 1918. And you are further notified that unless you vacate said premises by the 4th day of March 1918 suit will be brought to eject you.

"Dated February 27th, 1918.       S. R. HEADRICK, *Landlord.*"

Language is used in two Kansas cases to the effect that no valid service of the statutory notice required as a preliminary to the bringing of a proceeding like this can be made until the occupant's right of possession has fully expired. (*Kellogg v. Lewis,* 28 Kan. 535; *Douglas v. Parker,* 32 Kan. 593, 5 Pac. 178.) In the case first cited it was said, "To maintain an action of forcible detainer, the plaintiff must have a perfect right of possession at the time the notice to quit is given." (syl. ¶ 1.) There, however, the action was begun before the defendant's right of possession had been terminated, and the question involved was quite different from that here presented. The statement quoted was sufficiently accurate for the purposes of that case, and perhaps would be true as a general rule, but its universal application does not follow from what was there decided. In the second case cited, the defendant's lease expired December 29. The notice to quit was given the day before, and was held to be without effect because premature. The notice (the contents of which are not stated in full in the opinion) was merely that provided by the statute, which requires the plaintiff "to notify the adverse party to leave the premises . . . which notice shall be served at least three days before commencing the action." (Gen. Stat. 1915, § 7866.) Apart from the address, the signature, the date, and the description of the premises, it contained only the words: "I wish to notify you to leave, quit and surrender the following premises, now in your occupation." This was clearly a demand for the immediate surrender of the premises, which is all that the statute absolutely requires, and was made at a time when the occupant was still entitled to hold them, so that the decision that it was futile was entirely logical. True, the action was not begun until ten days later, but nothing in the notice indicated that it

Headrick v. Price.

was not to be brought after the lapse of the statutory period (three days) from the service.

The notice in the present case was of a very different character. It did not demand immediate possession. The portion of it which standing alone would be so construed was qualified by the subsequent statement that unless the premises were vacated by the 4th day of March suit would be brought. The defendant was thus allowed, by the terms of the notice, to retain possession for three days after the expiration of his lease and before the time set for beginning the action. For three full days after his right of occupancy had ceased, and before the time set for his departure had arrived he had notice that he was required to leave, and the fact that he acquired it by a writing delivered to him before his lease had expired in no way diminished its force or prevented its fulfilling both the letter and spirit of the statute.

We find no decisions holding this view to be too favorable to the plaintiff. Under similar statutes the courts of several states go further and hold (contrary to the decision in *Douglas v. Parker,* supra) that the notice may be served before the occupant's right of possession expires, even when it amounts to a requirement to quit the premises at once, allowing no time for removal. (8 Standard Proc. 1097, note 48.) Other courts, under statutes more or less different, have held notices to be ineffectual because given before the right of occupancy ceased (same text, note 47; *McDevitt v. Lambert,* 80 Ala. 536, 540), but we find no instance of the kind in which the facts were such as to present the question here considered. In most of the cases last referred to, perhaps in all of them, the notice involved was in terms or in effect a demand for immediate possession, made at a time when the owner was not entitled to it. Substantially the distinction on which we rely was recognized in *Connell v. Chambers,* 22 Neb. 302. There the court, although approving its earlier ruling to the effect that the notice may be served before the expiration of the occupant's lease, held that in such case in order for it to be effective it "must, either in direct terms, or by clear and unmistakable implication, point out a day upon which the tenant is required to quit, which day must be at or after the termination of the lease." (p. 309.)

The judgment is reversed, and the cause is remanded with directions to overrule the demurrer to the complaint.