NO. 7842                           STATE OF LOUISIANA

MISS JULIA MOREIRA

         VS                        COURT OF APPEAL

FRED HECKMAN.        **7842**      PARISH OF ORLEANS

------------------------

StPaul, J.

This is a suit to annul a lease and dispossess a tenant on the ground that, contrary to the provisions thereof he had assigned the same without the consent of the lessor; and had otherwise violated the lease by subleasing and taking in boarders, lodgers and roomers, whereas the premises had been rented only as a dwelling

I

The defendant offered to prove the verbal consent of the lessor to the transfer, but the trial judge excluded the evidence on the ground that the lease forbade any transfer or sublease without the written consent of the lessor.

This evidence was improperly excluded, a prohibition against the tenant subleasing unless the lessor yield his consent in writing, is clearly a stipulation in favor of the lessor alone, and of course he may waive it whenever he pleases to do so. And since there is no law which requires such waiver to be in writing, it follows that the waiver may be oral and need not even be express.

Hence it has uniformly been held that the mere acquiescence of the lessor in the sublease will suffice although the lease require his written consent. Baudry-Lecantinerie, Louage No. 1117 (Vol 18 p 589). And since a mere implied consent suffices, it follows that express consent, orally given, suffices even more. 138 La. 983; 25 Laurent 426, sec 319; 30 Dalloz Rep. 406, sec 475; Dalloz Code Annote, Art 1717 No. 195; 13 Corp. Jur. 593-594, secs 609-611; 43 Barb. N.Y. 410; 51 N. Y. Sup. 1; 70 N. Y. Sup 211; 99 Atlantic 662; 169 Pacific 201.

Of course the case might be different where a lease provided that no sublease should be made without the written consent of the lessor's agent since the principal may limit the powers of his agent as he pleases, though he may not limit his own. *But see however, Story vs Insurance Co, 37 an 254*

It is urged that a remand hereof would serve no good purpose since the evidence so far produced shows ( it is said) that no consent whatever was given. But the answer to that is, that plaintiff's

evidence alone was heard and defendant's shut off by the judge's ruling. What that evidence may disclose remains yet to be seen, but it should be heard.

## II

Heretofore we have spoken only of a transfer or assignment of the lease, which differs from a sublease in this; that the transferee or assignee takes the place of the first tenant and pays rent direct to the lessor, whilst the sublessee pays rent to the tenant who in turn pays rent to the lessor.

Here it is alleged that the transferee violated the lease by taking boarders and lodgers and roomers into her home, thus violating the lease in two particulars, 1st. By changing the use of the premises which had been leased only as a dwelling, and 2nd. By subleasing without the lessor's consent.

We see in all this no violation of the lease.

1st. A dwelling house is a place for the shelter and accomodation of human beings, thereby distinguishing it from a stable or storehouse or factory or commercial establishment; and a private dwelling differs from a public house, i. e. an inn or hotel in this, that it does not hold out as offering accomodation to the general public.

But certainly a householder may admit into his house, and on whatever condition he chooses, whomsoever he will, including boarders, lodgers and roomers; nor does his home thereby cease to be his private dwelling. 10 Orleans App 284; 13 Orl App 343; 55 N.Y.Sup 517; 62 Atlantic 136; 8 S.W. Rep 245. *Succ. Mitch 22 an 316.*

2nd. In the answer it is admitted that the transferee "accomodated some of her friends by renting part of the premises in question; but that she did not hold herself out as renting, nor did she rent *room* to the general public".

As the only evidence on this subject was the above admission, we take it that "part of the premises" mean the same thing as "rooms". And we think that the renting of rooms in a house of which the tenant and householder retains the superentendence as a whole is not a sublease within the meaning of a clause forbidding a sublease without the consent of the lessor.

For delivery to the lessee is of the essence of a lease or sublease (C.C. 2692 Nos. 1 and 3); in other words the thing leased

must be surrendered to the personal custody and control of the lessee. And indeed it is against this very surrender of the custody and superentendence of the thing leased that the lessor means to provide and nothing more; otherwise what difference does it make to him whether the members of my family or household do or do not pay for the accomodations they receive.

The judgment appealed from is therefore reversed, and it is now ordered that this cause be remanded to be proceeded with in accordance with the views herein expressed and according to law; plaintiff and appellee to pay the costs of this appeal and all other costs to await final judgment herein.