8051

LINDEN E. DOMINIQUE. : NO. 8051.

 —VS—  : COURT OF APPEAL.

EDWARD J. CONNELL. : PARISH OF ORLEANS.

Dinkelspiel. J.

8051

DINKELSPIEL. J.

This suit is based on a lease which was entered
into between plaintiff's deceased father and defend-
ant on July 31st. 1919. for a period of 34 months,
at $55.00., per month, begining October, 1st. 1919,
and ending September, 19th. 1921.

There was a stipulation in said lease that no part of
the leased premises should be used for cooking purposes,
except the kitchen. that the tenant has sub-leased part
of the property, and had also allowed cooking to be done
in other rooms than the kitchen.

On the trial of the case evidence was introduced
to the effect that cooking had been done in other
rooms than the kitchen, but there was no evidence
showing any sub-leasing, therefore, the only issue
before the lower Court was as to the merits of the case
whether there was any violation of the written lease
as to allow cooking in other rooms than the kitchen.

During the trial of the case oral evidence was
attempted to be introduced xxxxxxxxxxxxxxxxxx; at-
tempting to prove, that the written notice had been
waived and that plaintiff consented verbally to a
modification of the lease, to the effect, that cooking
could be done in other parts of the premises in ques-
tion. This was denied by the lower Court for the reas-
ons stated, by his Honor, the Judge of said Court, to
the effect:- "The objection to the testimony is sus-
tained. The object of that question is to prove by
the original lessor verbal permission for the violat-
ion alleged in the rule and admitted in the answer.
The reason for the requirement of the lease that the
things therein indicated shall not be done unless
written consent be first obtained is clearly for the

555

specific purpose of avoiding contentions as to verbal
permission, as the rule of law which requites titles
to real estate to be in writing, or the permission to
sell a piece of real estate to be in writing. Contracts

legally entered into have, as between the parties,
all the force and effect of law. This contract between
Dominique and his tenant and between the tenant and
Dominique and his successors, has all the force and
effect of the legislative act, and where the contract
which is the law between the parties, states that those
things shall not be done unless consent thereto be
given in writing, it presents the Court from hearing
verbal testimony. I have no more right in this case,
to permit parole testimony than I would have to hear it
in a case involving title to real estate, to permit
parole testimony to be offered to prove title."

We are satisfied that the learned Judge erred in
his ruling, and the law of this case has not been
correctly stated by him.

" A written contract made in the absence of statutory
provisions requiring a writing can be modified by a
subsequent oral agreement"

" The requirements of a written consent of the
lessor is for his protection alone; he might give
the lessee verbal consent or merely assuming in the
acquiesce
sub-letting of the premises." Trichell vs. Donovan.
138. L. 988.

" A stipulation against sub-leasing is for the exclus-
ive benefit of the lessor and no one else can enforce it."
Montecon vs. Faures. 3. L. 43.

"It has uniformly been held that the mere acquiescense
of the lessor will suffice althouh the lease requires
his written consent." Baudry-Lacantinerie. Louage. No.

1117. ( vol. 18. p. 589). And since a mere implied consent suffices, it follows that express consent, orally given, suffices even more. 138 L. 988; 25 Laurent 436, sec. 319. 30 Dalloz Rep. 406 sec. 475; Dalloz Code Annote, Art. 1717, No. 190; 13 Corp. Jur. 593-594, Secs. 609-611. 51 N. Y. Sup. 1; 70 N. Y. Sup. 211; 99 Atlantic 633; 169 Pacific 921 301.

For the reasons herein assigned, it is ordered, adjudged and decreed that this cause be remanded, the judgment appealed from be revered, and the case to be proceeded with in the lower court in accordance with the views herein expressed and according to law. Plaintiff and appellee to pay the costs of this appeal and all other costs to await final judgment herein.

Judgment Reversed-Case Remanded-